IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JOSE LUIS RENTERIA,                    §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §              EP-14-CV-00374-FM
                                       §
LOWE'S HOME CENTERS, LLC,              §
                                       §
        Defendant.                     §

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR
INDEPENDENT MEDICAL EVALUATION

On this day, the court considered Defendant Lowe's Home Centers, LLC's ("Defendant" or

"Lowe's") "Motion for Independent Medical Evaluation" ("Motion") [ECF No. 28], filed May 15, 2015;

and Plaintiff Jose Luis Renteria's ("Plaintiff") "Plaintiff's Response to Defendant's Motion to Compel

Independent Medical Examination" ("Response") [ECF No. 30], filed May 21, 2015; and "Defendant's

Reply to Plaintiff's Response to Defendant's Motion for Independent Medical Evaluation" ("Reply")

[ECF No. 31], filed May 28, 2015.

I.      **BACKGROUND**

        *A.      Factual Background*

        On or about January 27, 2013, Plaintiff visited a Lowe's store in El Paso, Texas.  Plaintiff alleges

that while in Lowe's, he "reach[ed] for a wooden plank he wanted to purchase when all the planks in the

stack, which were not properly or prudently stored or secured, gave way and fell on Plaintiff."[1]

Consequently, Plaintiff was injured and sued Lowe's for its failure to exercise ordinary care to keep its

premises safe, or alternatively, to warn customers such as Plaintiff of the unreasonable risk of danger.[2]

Plaintiff has sued Lowe's for negligence, res ipsa loquitor, and premises liability.  Plaintiff seeks

_____

[1] Ex. "Plaintiff's First Amended Petition" ("Amended Petition"), at 2, ECF No. 4-1, filed Oct. 16, 2014.

[2] *Id.* at 3.

damages of over $100,000.00 for past and future:  medical care and expenses; physical pain and suffering; physical disfigurement; mental anguish; physical impairment; lost wages and earning capacity; and property damage.[3]

> B.     *Parties' Arguments*

Pursuant to Federal Rule of Civil Procedure 35 ("Rule 35"), Lowe's seeks an order requiring Plaintiff to submit to a physical examination to determine the nature and extent of Plaintiff's injuries and disabilities, if any.[4]  Although Plaintiff's Amended Petition does not specify injuries or disabilities sustained from the wooden plank, Lowe's maintains that Plaintiff has alleged "significant injuries to his head, shoulder, back, and neck" and "has suffered an inability to work, drive, communicate, and smell, as well as a loss of memory function."[5]  Thus, Plaintiff has placed his physical and mental capacity in controversy.  Lowe's explains that Plaintiff has traveled to Los Angeles, California to be examined by a neurological physician of his choice, and therefore, Lowe's is entitled to have its own expert neurologist examine Plaintiff.[6]

Lowe's proposes to have Craig Powell, M.D., a licensed neurologist who practices in neurology and psychiatry, to examine Plaintiff.[7]  Dr. Powell is Board Certified in Neurology.[8]  Dr. Powell may be contacted at:

> Departments of Neurology and Neurotherapeutics and Psychiatry
> The University of Texas Southwestern Medical Center
> 5323 Harry Hines Blvd.
> Dallas, TX 75390

---

[3] *Id.* at 1, 6–7.

[4] Mot. 1.

[5] *Id.* at 2.

[6] *Id.* at 3.

[7] *Id.* at 4.

[8] Reply 2.

214-633-1880.[9]

Lowe's suggests that the examination be conducted on June 1, 2015, at 10:00 A.M. at the following location:

> Rasberry & Associates
> 420 East San Antonio
> Second Floor
> El Paso, TX 79901.[10]

Plaintiff argues Lowe's has not shown good cause by failing to offer "any details about the manner and scope of the examination, the specific information it needs, or how or why such information can only be obtained through such an examination."[11]  Plaintiff further contends Lowe's Motion does not provide notice to Plaintiff beyond merely authorizing Lowe's proposed physician to "perform x-rays and order tests to determine the exact nature and extent of Plaintiff's injuries, if any."[12]

In its Reply, Lowe's explains that scope "would be a complete history and neurologic examination including tests of nervous system function and cognition."[13]  "Dr. Powell would test cognition, cranial nerves, motor ability, coordination, sensory ability, reflexes, muscle tone, gait, and related neurological testing."[14]  Although Lowe's estimates the examination should take no longer than 3 hours, it requests the court to refrain from imposing an arbitrary time limit.[15]

## II.   APPLICABLE LAW

Rule 35(a) defines the scope of court-ordered physical and mental examinations.  A party whose

---

[9] Def.'s Mot. 4.

[10] *Id.*

[11] Pl.'s Resp. 2.

[12] *Id.* at 2–3 (citing Mot. 4).

[13] Reply 2.

[14] *Id.* at 3.

[15] *Id.*

mental or physical condition is "in controversy" may be ordered to submit to a physical or mental examination by a licensed or certified professional.[16]   However, the movant must establish "good cause" demonstrating that the information sought is necessary, not merely relevant, and that it cannot be obtained through other means.[17]   In establishing specific facts to substantiate good cause, the movant may rely on affidavits or other evidence.[18]

Notwithstanding, under certain circumstances, "the pleadings alone are sufficient to meet these requirements."[19]   For instance, a plaintiff who alleges mental or physical injury in an action based on negligence, "places that mental or physical injury *clearly* in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."[20]   Finally, the order "must specify the time, place, manner, conditions and scope of the examination, as well as the person or persons who will perform it."[21]

## III.   DISCUSSION

Plaintiff has undoubtedly placed his mental and physical capacity in controversy by alleging physical impairment, disfigurement, pain and suffering, as well as mental anguish.[22]   Moreover, Plaintiff has designated George Rappard, M.D., a neurosurgeon located in Los Angeles, California, as an expert

---

[16] Fed. R. Civ. P. 35(a)(1); *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964).

[17] Fed. R. Civ. P. 35(a)(2)(A); *Schlagenhauf*, 379 U.S. at 118.

[18] *Fischer v. Coastal Towing, Inc.*, 168 F.R.D. 199, 200–01 (E.D. Tex. 1996).

[19] *Schlagenhauf*, 379 U.S. at 119.

[20] *Id.* (emphasis added).

[21] Fed. R. Civ. P. 35(a)(2)(B).

[22] Although Lowe's represents that Plaintiff also suffers from "an inability to work, drive, communicate, and smell, as well as a loss of memory function," these allegations are not contained in either Plaintiff's Original Petition or Amended Petition.  *See* Mot. 2.

witness.[23]  Indeed, Plaintiff asserts his "head injuries have drastically affected his cognitive function and his emotional state," causing him to become "easily distracted and easily stressed," so much so that it "borders on physical illness."[24]

Accordingly, Lowe's is entitled to have its own certified and licensed neurological physician examine Plaintiff to rebut the reports of Dr. Rappard.[25]  Plaintiff is not entitled to videotape Dr. Powell's physical examination without demonstrating that doing so is necessary.[26]  Notwithstanding, Dr. Powell is not authorized to order additional tests such as an x-ray until such authorization is requested from the court to ascertain whether such tests are medically necessary.[27]  After all, a medical physician does not typically order several tests prior to an initial consultation.

As Lowe's proposed date of examination, June 1, 2015, is quickly approaching, the parties shall schedule the examination to take place within two weeks.  Plaintiff filed his designation of expert witnesses and served Lowe's with Dr. Rappard's expert report on May 20, 2015.[28]  Therefore, the deadline for Lowe's to file its own designation of testifying experts and rebuttal experts is June 19,

---

[23] *See* "Plaintiff's Designation of Testifying Experts, Designation of Potential Witnesses, and List of Proposed Exhibits" ("Plaintiff's Designation"), at 1, ECF No. 29, filed May 20, 2015.

[24] Pl.'s Resp. 3 n.2.

[25] *Cf. Fischer*, 169 F.R.D. at 201 (allowing the defendant to have its own vocational-rehabilitation expert examine the plaintiff, based on allegations of loss of earnings and/or earning capacity; physical impairment and pain; and mental pain and anguish).

[26] *See Rodriguez v. Pictsweet Co.*, No. B-07-113, 2008 WL 2019460, at *2 (S.D. Tex. May 9, 2008) (collecting cases and holding "that as the presence of counsel or a recording device may interfere with a Rule 35 mental examination, the requesting party must persuade the court that such requests are necessary"); *accord Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 425 (S.D. Tex. 2012).

[27] *See, e.g.*, *Ornelas v. S. Tile Mart, LLC*, 292 F.R.D. 388, 398 (S.D. Tex. 2013) ("Plaintiff is . . . entitled to a certain degree of direction regarding those examinations, thereby providing him the opportunity to bring to the Court's attention those tests he deems irrelevant or harmful.").

[28] *See* Pl.'s Designation 1–2.

2015.[29]  Based on the parties' deadlines, it does not appear that an examination within two weeks will necessitate rescheduling Lowe's deadline.  Should the need arise, Lowe's may file a motion for an extension.

IV.   **CONCLUSION AND ORDER**

After due consideration, Lowe's "Motion for Independent Medical Evaluation" [ECF No. 28] is **GRANTED IN PART** to the extent that Plaintiff shall submit to a medical examination by Dr. Craig Powell and **DENIED IN PART** insofar as Lowe's seeks to conduct the examination on June 1, 2015 and seeks authorization for Dr. Powell to perform additional tests without future consideration by the court.

**IT IS THEREFORE ORDERED** that Plaintiff Jose Renteria submit to a physical examination by Dr. Craig Powell and such assistants and colleagues as Dr. Powell may call upon to assist him.

**IT IS FURTHER ORDERED** that the physical examination **SHALL NOT** be videotaped, nor may any counsel be present in the room while Dr. Craig Powell examines Plaintiff Jose Renteria.

**IT IS FURTHER ORDERED** that counsel for Plaintiff Jose Renteria **SHALL** provide to Dr. Craig Powell all medical and laboratory test results, including any x-rays, prior to Dr. Powell's physical examination of Plaintiff Jose Renteria.

**IT IS FURTHER ORDERED** that the parties confer and schedule a time for the physical examination to occur within two weeks at the following location:

> Rasberry & Associates
> 420 East San Antonio Street
> Second Floor
> El Paso, TX 79901

**IT IS FURTHER ORDERED** that if in the opinion of Dr. Powell that it is necessary to perform x-rays and order tests to determine the exact nature and extent of Plaintiff Jose Renteria's injuries,

---

[29] *See* "Order Granting Unopposed Motion for Extension of the Parties' Respective Expert, Exhibit, and Witness Designation Deadlines," at 2 ¶¶ 2–3, ECF No. 25, entered Mar. 24, 2015.

Defendant Lowe's Home Centers, LLC may file a motion seeking authorization to do so.

     **SO ORDERED**.

     **SIGNED** on this **29th** day of **May, 2015**.

 

                                        **FRANK MONTALVO**
                                        **UNITED STATES DISTRICT JUDGE**